IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,274

STATE OF KANSAS,
*Appellee*,

v.

RONALD JOHNSON,
*Appellant*.

SYLLABUS BY THE COURT

The doctrine of stare decisis instructs that this court will generally continue to follow established points of law in later cases in which the same legal issues are raised.

Appeal from Wyandotte District Court; JENNIFER MYERS, judge. Submitted without oral argument January 30, 2025. Opinion filed March 7, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, was on the briefs for appellant.

*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree Sr.,* district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Ronald Johnson seeks modification of the hard 50 sentence he received following his conviction for first-degree murder.

Johnson was convicted of a murder that took place in 2001. He was charged with stabbing a woman to death with a knife, which he denied doing. The essential facts are

1

set out in his direct appeal, which affirmed his conviction and sentence. See *State v. Johnson*, 284 Kan. 18, 159 P.3d 161 (2007). Johnson was sentenced to a hard 50 sentence based on aggravating factors under K.S.A. 2001 Supp. 21-4635 (now K.S.A. 21-6620). The court based its sentencing decision on prior stalking, the violent relationship between Johnson and the victim, and the physical force employed to inflict the fatal wounds, along with the way the victim fought for her life.

In his direct appeal, Johnson challenged the constitutionality of his hard 50 sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This court rejected that claim, holding that the judicial fact-finding using a preponderance of the evidence was constitutional because the sentencing court did not impose a sentence greater than the maximum sentence provided by statute. *Johnson*, 284 Kan. at 22-23.

In 2018, Johnson filed a motion "[i]nvoking sentence modification pursuant to K.S.A. 21-4639 renumbered K.S.A. 21-6628(c) (2011)." He argued the rule announced in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), rendered unconstitutional the sentencing statutes under which he was sentenced, with the consequence that he had to be resentenced under K.S.A. 21-6628(c). He specifically challenged the procedure that allowed the sentencing judge to make factual determinations supporting aggravating factors.

The district court denied the motion, and this court affirmed the district court in *State v. Johnson*, 313 Kan. 339, 486 P.3d 544 (2021), *cert. denied* 552 U.S. 1104 (2022). This court held that there was no procedural means available for Johnson to invoke either district court or appellate court jurisdiction over an attempt to modify a sentence imposed before *Alleyne* was pronounced. *Johnson*, 313 Kan. at 345. Chief Justice Luckert, joined by two other justices, concurred, reevaluating their positions about how statutes applied to pre-*Alleyne* sentences enhanced by aggravating factors. They nevertheless agreed with

the majority that Johnson did not have a mechanism by which he could obtain judicial modification of his sentence: K.S.A. 60-1507 relief would be unavailable because he was outside the one-year limitation under that statute and he had already filed motions under that statute and could not demonstrate manifest injustice in his circumstances; and a motion to correct an illegal sentence does not encompass *Alleyne* violations. *Johnson*, 313 Kan. at 351.

Subsequently, on June 16, 2023, Johnson filed a pro se motion captioned "Motion Invoking K.S.A. 22-2601 Jurisdiction Now Invoking Sua Sponte K.S.A. 21-4639, Now K.S.A. 21-6628(c), Which Been [*sic*] Triggered." The district court denied the motion, holding that the doctrine of res judicata precluded Johnson from pursuing his claim for relief. Johnson filed a timely notice of appeal to this court.

Johnson raises claims grounded in statutory and constitutional law. Those issues are subject to de novo review. See *State v. Appleby*, 313 Kan. 352, 354, 485 P.3d 1148 (2021).

Johnson's appellate counsel argues that Kansas statutory law should operate to make the effect of *Alleyne* and *State v. Soto*, 299 Kan. 102, 122-24, 322 P.3d 334 (2014) (K.S.A. 21-4635 [Torrence] judicial determination of aggravating factors unconstitutional), retroactive to defendants whose sentences were final before 2013. The argument, in a nutshell, is that K.S.A. 21-4639 (Furse) created a constitutional liberty interest, and due process requires some meaningful procedure by which he may pursue that interest. His counsel contends the concurrence in *Johnson*, 313 Kan. 339, was correct in arguing that K.S.A. 21-6628(c) applied to pre-2013 enhanced sentences. If K.S.A. 2001 Supp. 21-4635 authorized his sentence, then K.S.A. 21-4639 (Furse) (or, later, K.S.A. 21-6628[c]) was automatically triggered, the district court had jurisdiction, and due process requires some mechanism to enforce the statutorily created right.

We are unpersuaded by this argument. Both the majority and the concurrence in *Johnson*, 313 Kan. 339, concluded there is no procedural vehicle that allows a court to revisit a sentence that was final when *Alleyne* was decided.

Very similar arguments were raised in *Appleby*. There, this court again held that K.S.A. 21-6628(c) does not require resentencing, and, again, the Chief Justice and two other justices concurred in the result, using much the same analysis as in *Johnson*, 313 Kan. 339. *Appleby*, 313 Kan. at 358. Earlier, a unanimous court held in *State v. Coleman*, 312 Kan. 114, Syl. ¶¶ 2, 5, 472 P.3d 85 (2020), that *Alleyne* does not trigger K.S.A. 21-6628(c) and that *Alleyne* and *Soto* do not operate retroactively. And, in *Drennan v. State*, 315 Kan. 228, 233, 506 P.3d 277 (2022), a unanimous court upheld *Coleman* and rejected "arguments that this analysis disregards the plain language of K.S.A. 2020 Supp. 21-6628(c)."

Johnson's counsel asserts he is not seeking retroactive application of *Alleyne* and *Soto,* but he instead is seeking application of a K.S.A. 21-6628(c) statutory mandate. This court has consistently rejected that argument, in *Coleman*, in *Johnson*, in *Appleby*, and in *Drennan*. Johnson has no avenue to attack his sentence under *Alleyne* and *Soto*.

The district court held Johnson's motion was governed by *Johnson*, 313 Kan. 339. We agree with that holding. The doctrine of stare decisis instructs that this court will generally continue to follow established points of law in later cases in which the same legal issues are raised. See *State v. James*, 319 Kan. 178, 188-89, 553 P.3d 308 (2024).We find no reason to revisit or reconsider our decisions that have explored this issue in depth. The decision of the district court is affirmed.

Affirmed.